IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIM PERRY,                                    )
                                              )
                Plaintiff,                    )
                                              )
v.                                            )      Case No. 13-1408-MLB
                                              )
CITY CLERK OF WINFIELD, KANSAS, and           )
WINFIELD POLICE DEPARTMENT,                   )
                                              )
                Defendants.                   )
                                              )

## REPORT AND RECOMMENDATION

This matter is before the court on the plaintiff's motion for leave to proceed in forma pauperis (Doc. 3). For the reasons stated below, the court recommends that plaintiff's motion be DENIED and that this matter be dismissed. Because denial of in forma pauperis status is a dispositive action,[1] the undersigned Magistrate Judge issues this report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B).

### Background[2]

Plaintiff claims that on April 1, 2013 he applied for a permit for fundraising from the City of Winfield, Kansas ("City").[3] Plaintiff alleges that the permit was granted by telephone and that the City and the police department failed to communicate regarding

---

[1] *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Gee v. Estes*, 829 F.2d 1005, 1006 (10th Cir. 1987).

[2] These facts are taken from the Complaint (Doc. 1) and the Supplement to Complaint (Doc. 4) filed by plaintiff.

[3] Plaintiff attempted to file this action on behalf of a non-profit organization, Tap House 2001, Inc. ("Tap House"), for which he purports to be the Chief Executive Officer. (Doc. 3, at 2.)

plaintiff's permit. Plaintiff contends that he was fundraising in a public location in the City on April 5 and 6, 2013 when he was approached by an unknown City police officer at 5:00 p.m. on April 6. The officer apparently requested that plaintiff identify himself and provide proof of his permit for such activity. When plaintiff was unable to produce a permit, he was instructed to leave the premises. Plaintiff alleges that his permit was valid for April 5-7, but that he did not continue his planned fundraising activities on April 7 "due to stress" apparently caused by the defendants.

Plaintiff claims that he is entitled to relief because he was harassed, because the police department is liable for such harassment, and because the department intentionally inflicted stress on plaintiff. Plaintiff further claims that the City and the police department were negligent in their actions. Plaintiff seeks actual damages and punitive damages in the amount of $10,000,000.

## Analysis

A federal court may authorize a plaintiff to proceed with a lawsuit in forma pauperis (without prepayment of fees) where the plaintiff supplies an affidavit showing that he is unable to pay such costs.[4] In forma pauperis status is a privilege, not a right, and it is within the court's sound discretion to grant or deny plaintiff's request.[5] Under 28

---

Plaintiff cannot properly pursue this claim as a non-attorney corporate officer appearing pro se. *See Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) (internal citation omitted).
[4] 28 U.S.C. § 1915(a)(1).
[5] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. Apr. 11, 2013) *aff'd*, 2013 WL 5878803 (10th Cir. Nov. 4, 2013); *see also Graham v. Sec'y of Health & Human Servs.*, 785 F. Supp. 145, 146 (D. Kan. 1992) ("The privilege to proceed in forma pauperis, however, is not absolute.").

U.S.C. § 1915(e)(2)(B), the court may dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[6]

Plaintiff proceeds pro se and therefore his pleadings must be liberally construed.[7] However, plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based,"[8] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[9] As discussed below, this court lacks jurisdiction over plaintiff's claims. Even if jurisdiction were appropriate, plaintiff fails to state a viable claim for relief and the court finds this action is frivolous.

## I. Lack of jurisdiction and failure to state a claim

Plaintiff alleges harassment and intentional infliction of emotional distress by the police department and negligence by both defendants. These claims are state law tort claims and do not properly invoke federal question jurisdiction. It is clear that plaintiff and defendants are Kansas residents and therefore there is no complete diversity of citizenship. Therefore, this court lacks subject matter jurisdiction to decide this dispute and this action must be dismissed.[10]

---

[6] 28 U.S.C. 1915(e)(2)(B).
[7] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[8] *Id*.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[10] *Fulcher v. Sawyer*, 1999 WL 297495, at *1 (D. Kan. Apr. 6, 1999)

Even if jurisdiction were appropriate, plaintiff fails to state a claim upon which relief can be granted. To state a legal claim of harassment, plaintiff must put forth facts to support some claim of stalking or workplace harassment. Plaintiff has provided no facts to support a claim of stalking by defendants and such claim fails.[11] Similarly, plaintiff does not allege that he was employed by the police department and therefore any claim of workplace harassment fails.[12] To the extent that plaintiff believes he was inappropriately contacted by the police department, the law is clear that an officer may approach a citizen and request identification.[13] Plaintiff specifies that although the unnamed officer requested identification, the identification was returned to plaintiff who was apparently not detained. Without facts to support any type of harassment claim, plaintiff's claim must fail.

Plaintiff alleges that defendants "intentionally inflicted stress" on him, and that he did not finish day three of his "fundraising" in Winfield due to such stress.[14] Kansas law provides for a cause of action for intentional infliction of emotional distress;[15] however,

---

[11] *See Smith v. Martens*, 279 Kan. 242, 251, 106 P.3d 28, 36 (2005) (discussing K.S.A. § 60-31a02 and defining stalking as an intentional harassment comprised of a "course of conduct that seriously alarms, annoys, torments, or terrorizes the other person [which] must be such that it causes a reasonable person to suffer substantial emotional distress.")

[12] *See Schmidt v. Medicalodges, Inc.*, 492 F. Supp. 2d 1302, 1305 (D. Kan. 2007) (describing elements necessary to establish a claim of hostile work environment); *Watson v. City of Topeka*, 241 F. Supp. 2d 1223, 1231 (D. Kan. 2002) (noting that "Title VII was not meant to be a "general civility code" and that "isolated incidents, *unless extremely serious*" do not rise to the level of harassment).

[13] *See United States v. Esparza-Mendoza*, 386 F.3d 953, 957-58 (10th Cir. 2004); *see also* discussion in *Perry v. Ark City Police Dep't*, 13-1383-MLB, Doc. 6 at 4 (D. Kan. Dec. 18, 2013).

[14] (Suppl. to Compl., Doc. 4, at 1.)

[15] *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1273 (D. Kan. 2003) *aff'd*, 145 F. App'x

plaintiff provides no facts which support a claim that defendants acted in an "extreme and outrageous manner" or that plaintiff's emotional distress was "so severe that no reasonable person should be expected to endure it."[16]

Plaintiff's claim for negligence is similarly unsuccessful. The court cannot speculate on the alleged miscommunication between the City and the police department, and plaintiff does not set forth any facts which support a claim of negligence by defendants.

Although the jurisdictional issue alone is dispositive of plaintiff's claims, because the plaintiff's complaint requests in forma pauperis status, his claims are also "subject to sua sponte dismissal by the district court under § 1915(e)(2) if it is clear from the face of the complaint that the claim is frivolous or malicious."[17] To determine whether an action is frivolous, the court must evaluate whether the plaintiff can provide a rational argument on the facts or law in support of his claim.[18] It is clear from the face of the complaint that the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face;"[19] therefore, the complaint is recommended for dismissal under 28 U.S.C. § 1915(e)(2)(B).

---

238 (10th Cir. 2005) (citing *Moore v. State Bank of Burden,* 240 Kan. 382, 388, 729 P.2d 1205 (1986)).
[16] *Id*. at 1274-75.
[17] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 419 F. App'x 794, 795 (10th Cir. 2011)
[18] *Graham* (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).
[19] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## II. Additional frivolous litigation

Plaintiff's pro se status does not permit him to engage in repetitive, frivolous litigation.[20] Such filings can "compromise the interests of justice when the court is forced to devote its limited resources to the processing of repetitious and frivolous requests."[21] Since October 8, 2013, plaintiff has filed four (4) civil actions in this court, including this matter and the following cases: *Perry v. Ark City Police Department*, 13-1383-MLB (filed Oct. 8, 2013); *Perry v. Cowley County Community College*, 13-1425-JTM (filed Nov. 12, 2013); and *Perry v. Pringle*, 13-1436-MLB (filed Nov. 18, 2013). This court recommends dismissal of the three actions currently assigned to the undersigned U.S. Magistrate Judge.[22]

## Recommendation

**IT IS HEREBY RECOMMENDED** that plaintiff's motion to proceed without payment of fees **(Doc. 3)** be **DENIED**. **IT IS FURTHER RECOMMENDED** that this matter be dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and as frivolous under 28 U.S.C. § 1915(e)(2)(B). **IT IS FURTHER RECOMMENDED** that the district court consider imposition of filing restrictions on plaintiff's future filings in order to protect the court from any strain on its resources, as

---

[20] *Webb v. Vratil*, 12-2588-EFM, Doc. 8, at 2 (citing *McWilliams v. State of Colo.*, 121 F.2d 573, 574 (10th Cir. 1997)).
[21] *Blaylock v. Tinner*, 2013 WL 1491207, at *4 (D. Kan. April 11, 2013) (citing *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (internal citations omitted)).
[22] *See Perry v. Ark City Police Dep't*, 13-1383-MLB (Doc. 6); *Perry v. Pringle*, 13-1436-MLB (Doc. 4).

previously found reasonable by this court.[23]

Pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b) and D. Kan. Rule 72.1.4(b), the plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this recommendation and report. Failure to make a timely objection waives appellate review of both factual and legal issues.[24]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of December, 2013.

  /S Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[23] *See Blaylock*, 2013 WL 1491207, at *4-6; *Brooks v. 10th Cir. Court of Appeals*, 10-2452-MLB, Doc. 44 (D. Kan. Sept. 28, 2010); *Graham v. Sec'y of Health and Human Svcs.*, 785 F. Supp. 145, 146-47 (D. Kan. 1992).
[24] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).