**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TIM PERRY, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 13-1408-MLB |
| ) | |
| CITY CLERK OF WINFIELD, KANSAS, ) | |
| and WINFIELD POLICE DEPARTMENT ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the following:

1) Chief Magistrate Karen Humphrey's report and recommendation (Doc. 5) denying plaintiff's motion to proceed in forma pauperis and recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2) Plaintiff's objection (Doc. 6).

**I. Standards**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear. See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. First, only those portions of the Recommendation and Report plaintiff specifically identified as objectionable will be reviewed. See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000). Second, review of the identified portions is de novo. Thus, the Recommendation and Report is given no presumptive weight. See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

**II. Analysis**

Plaintiff filed this action against defendants alleging he was

harassed when he was stopped on the street by a police officer. Plaintiff alleges that he obtained a fund-raising permit which allowed him to solicit funds on the corner of a street in Winfield, Kansas. On the third day of his solicitation, a Winfield police officer questioned plaintiff about the permit and asked for identification. Plaintiff contends that the officer's actions amounted to harassment and intentional infliction of emotional distress.

The magistrate held that plaintiff's claims did not invoke this court's jurisdiction and, therefore, recommended dismissal. In his objection, plaintiff contends that this court has jurisdiction pursuant to 15 U.S.C. 1692(d). That statute, however, does not provide jurisdiction.

Federal courts are courts of limited jurisdiction. In an action which does not involve a federal question, such as this one, both parties must be citizens of different states. 28 U.S.C. § 1332. All parties in this case are Kansas citizens. Therefore, this court does not have subject matter jurisdiction over this action and it must be dismissed. Laughlin v. KMART Corp., 50 F.3d 871, 873 (10th Cir. 1995).

**III. Conclusion**

Plaintiff's objections to Chief Magistrate Judge Humphrey's December 19, 2013, Order are OVERRULED (Doc. 6) and the court adopts the report and recommendation in its entirety. (Doc. 5). This action is dismissed with prejudice for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1332; and as frivolous under 28 U.S.C. § 1915(e)(2)(B). No motion for reconsideration will be allowed. Fed. R. Civ. P. 1.

IT IS SO ORDERED.

Dated this __14th__ day of January 2014, at Wichita, Kansas.

                                                s/ Monti Belot
                                                Monti L. Belot
                                                UNITED STATES DISTRICT JUDGE